UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



CV 04 0739

KATHLEEN SEATON as ADMINISTRATRIX of the ESTATE
of JOSE A. COLON and KATHLEEN SEATON, Individually

Plaintiff WEXLER, J.

**COMPLAINT**

Docket #

-against-

LINDSAY, M.J.

**TRIAL BY JURY
DEMANDED**

THE COUNTY OF SUFFOLK , THE SUFFOLK COUNTY
POLICE DEPARTMENT, POLICE OFFICER TONY GONZALEZ,
POLICE COMMISSIONER JOHN GALLAGHER, in his
official capacity and JOHN DOES intended to be police officers who
were present at the scene and whose identities are presently unknown

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 2 3 2004 ★

BROOKLYN OFFICE

Defendants,

_____

Plaintiff KATHLEEN SEATON, as Administratrix of the Estate of her son, JOSE A.

COLON, and on her own behalf by and through their attorneys DeBROSSE, VILLARREAL &

STUDLEY LLP, state as follows:

## INTRODUCTION

1. This action arises from the wrongful, improper, unwarranted and unjustified shooting

and death of the plaintiff's decedent JOSE A. COLON by Police Officer Tony Gonzalez, while in

his official capacity and position as a police officer employed by The County of Suffolk in The

Suffolk County Police Department

2. It seeks compensation for the unconstitutional and tortuous conduct of The County of

Suffolk, The Suffolk County Police Department, Police Officer Tony Gonzalez, the officers,

supervisors and the Commissioner of the Suffolk County Police Department John Gallagher along

with their agents servants and employees who under color of law, negligently, carelessly, and recklessly without cause, justification or provocation shot and killed JOSE A. COLON.

3. The plaintiffs seek redress and compensation for the wrongful death and conscious pain and suffering and the damages resulting therefrom as a result of the deliberate indifference and negligence of the defendants herein with respect to customs, policies and practices that permitted, and discipline that resulted in the death of JOSE A. COLON. The result of this institutional indifference was the painful, inexcusable and untimely death of JOSE A. COLON.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. Sections 1983, 1985 and 1988; the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 and 2202. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 U.S.C. Section 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. 1391(b).

## PARTIES

6. Plaintiff KATHLEEN SEATON was the mother of the decedent JOSE A. COLON. She seeks compensation in her individual capacity as permitted by New York law and for the wrongful death of her son. Subsequent to the death of JOSE A. COLON, Tiana Feliciano bore a child named Jose A. Feliciano Colon on November 24, 2002 who has been declared the son of the decedent JOSE A. COLON, by an Order of Filiation entered in the Suffolk County Family Court on November 7, 2003.

7. That prior to the commencement of this action, and more particularly on May 31, 2002 the Plaintiff KATHLEEN SEATON was issued limited letters of administration by the

Surrogate's Court, Suffolk County.

8. KATHLEEN SEATON as Administratrix of the Estate of JOSE A. COLON seeks relief, redress and compensation on behalf of the estate and the heirs of said estate. KATHLEEN SEATON is and has been at all times relevant hereto, a resident of Suffolk County.

9. Defendant, Suffolk County, is a county within the State of New York that operates and maintains a police department of which the defendant Tony Gonzalez, was and upon information and belief is still a member.

10. Police Officer Tony Gonzalez was at all times relevant hereto, a member of the Emergency Services Unit of the Suffolk County Police Department and an employee and agent of The County of Suffolk.

11. John Gallagher was at all times relevant hereto the Commissioner of the Suffolk County Police Department.

12. Defendant John Does, were, at all times relevant hereto, police officers, agents and employees of The County of Suffolk.

13. All the defendant Suffolk County police officers as described above, including but not limited to the defendant Tony Gonzalez, are sued individually and in their official capacities and were acting in the course and scope of their duties and functions as agents, servants, employees, and officers of The County of Suffolk and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties under color of law.

14. Defendant John Gallagher, Commissioner of the Suffolk County Police Department, including but not limited to his staff and supervisory personnel who reported to him, was charged with the duty and oversight responsibility for line officers, the emergency services unit, Officer Tony Gonzalez and John Does, intended to be police officers who were present at the scene or

responsible for coordinating the raid which forms the basis of this action. They were responsible

for hiring, screening, training, instruction, supervision and discipline of Tony Gonzalez and the

police officer(s) who were responsible for the shooting and death of JOSE A. COLON.

## NOTICE OF CLAIM

15. That at all times hereinafter mentioned and more particularly on April 19, 2002 the

defendant The County of Suffolk was and still is a municipal corporation duly organized and

existing under and by virtue of the laws of the State of New York.

16. That a Notice of Claim was originally served upon the defendant, The County of

Suffolk on April 23, 2002 identifying Kathleen Seaton as the Proposed Administratrix of the

Estate of Jose A. Colon.

17. That by Petition dated December 30, 2002, Kathleen Seaton sought leave of the

Supreme Court, Suffolk County to file and serve an amended and/or late Notice of Claim

following the appointment of Kathleen Seaton as the Administratrix of the Estate of Jose A.

Colon.

18. That by Order of Justice William L. Underwood dated March 23, 2003 the petition was

granted and the Notice of Claim was amended to reflect the correct and proper status of Kathleen

Seaton as Administratrix of the Estate of Jose A. Colon.

19. . That said Notice of Claim was served within ninety(90) days of the happening of the

incident herein..

20. That more than thirty(30) days have elapsed since service of said Notice of Claim and

the defendant, The County of Suffolk has refused or neglected to make payment or adjustment of

said claim.

21. That this action was commenced within two(2) years of the death of the Plaintiff's decedent JOSE A. COLON.

## FACTUAL AND GENERAL ALLEGATIONS

15. That at all times hereinafter, and more particularly on April 19, 2002, The County of Suffolk operated and maintained a police department.

16. That at all times hereinafter mentioned there existed within The Suffolk County Police Department an emergency services unit.

17. That on April 19, 2002, Police Officer Tony Gonzalez, was a member of the emergency services unit of The Suffolk County Police Department.

18. That on April 19, 2002, John Does, intended to be police officers whose identities are not currently known, were members of the emergency services unit of The Suffolk County Police Department.

19. That on and/or prior to April 19, 2002 The Suffolk County Police Department and upon information and belief, members of the emergency services unit of The Suffolk County Police Department planned, schemed, and coordinated a prospective raid at premises 862 Doane Avenue, Bellport, New York.

20. That on April 19, 2002 at approximately 10:30 PM at premises 862 Doane Avenue, Bellport, New York, Suffolk County Police Officer Tony Gonzalez while holding, using and operating an automatic weapon, believed upon information and belief to have been a machine gun, did shoot and kill JOSE A. COLON.

21. That upon information and belief, Police Officer Tony Gonzalez did discharge and fire his weapon striking and killing JOSE A. COLON, who had exited the premises, as a result of a fellow officer at the scene being caused to trip over a tree root and make contact with the person

of Tony Gonzalez.

22. That JOSE A. COLON was not a suspect or the subject of the investigation and raid on April 19, 2002 at the aforementioned premises.

23. That JOSE A. COLON at no time on April 19, 2002 brandished a weapon or threatened the safety and lives of the police officers at the aforementioned premises.

24. That on April 19, 2002 at the aforementioned premises, JOSE A. COLON was not armed and at no time posed a threat to the safety and lives of the police officers who were present at said premises.

25. That Police Officer Tony Gonzalez and the police officers who were present at said premises, without cause or justification, recklessly, wantonly and with gross negligence did act in a manner which resulted in Police Officer Tony Gonzalez fatally shooting and killing JOSE A. COLON.

26. That without just cause, JOSE A. COLON was assaulted by police officers, and more particularly Police Officer Tony Gonzalez.

27. That the assault and shooting of JOSE A. COLON was without legal authority, in violation of his constitutional rights including his right to be secure in his person and free from the use of unreasonable force.

28. That all of the above behavior by the police officers who were present at the aforementioned premises including Tony Gonzalez is shocking to the conscience when such behavior and actions were not warranted.

29. That JOSE A. COLON subsequently died from the gunshot(s) wound(s) he received on April 19, 2002 at the aforementioned premises.

30. That on information and belief, The County of Suffolk, failed to effectively screen,

hire, train, supervise and discipline its police officers, including police officer Tony Gonzalez, for his propensity for violence and discharging of his weapon on prior occasions resulting in the death of Joseph Fields in March 2001 in Ridge New York, in excessive force and lack of restraint. The County permitted Police Officer Tony Gonzalez to be in a position to unlawfully kill JOSE A. COLON and violate his state and federal constitutional rights. The County of Suffolk, being aware that such lack of screening, training, supervision and discipline led to the discharge of officer Gonzalez' weapon, the use of excessive force and violence by its officer(s) who acted with deliberate indifference in failing to establish a program of screening, training, supervision and discipline.

31. That as a result of a conscious policy, practice, custom, or usage, The Suffolk County Police Department and The County of Suffolk has permitted and allowed the employment and retention of individuals, including but not limited to Police Officer Tony Gonzalez, who place the public or segments thereof at substantial risk of being the victim of the officer's violent behavior. The County of Suffolk, is aware of persistent and widespread practices of such risk of violence by its police officers. There are recurrent situations which threaten the constitutional rights of the citizens of Suffolk County and yet are tolerated by The County of Suffolk. Such policy, practice, custom or usage is a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the death of JOSE A. COLON.

32. That upon information and belief, Police Officer Tony Gonzalez was known to his supervisors of The Suffolk County Police Department and The County of Suffolk for his propensity for violence and the use of his gun(s), yet The County of Suffolk took inadequate action to discipline or otherwise control said officer.

33. That on and/or prior to April 19, 2002 the defendants, their agents, servants, and/or

employees knew that a raid was to be conducted at the aforementioned premises. That in anticipation of said action, it was incumbent upon the officers presented with this assignment to properly plan and coordinate their actions as well as the use of their weapons for the safety and well being of innocent individuals at the scene as well as police officers. As such, the defendants were required to follow certain rules and regulations of The Suffolk County Police Department, some of which are believed to be outlined in the Police Patrol Guide and which required defendants to employ particular methods and to otherwise use reasonable care under the circumstances when engaging in the type of action and behavior as outlined above.

34. That despite the foregoing, the defendant officers including Tony Gonzalez, failed to comply with the rules and regulations in effect for exactly the situation which is the subject of this action as well as generally accepted standards. Instead the defendants failed to have a comprehensive and cohesive plan for the raid on the aforementioned premises, they were not familiar with the topography, particularly if a night raid had been planned, and in light of the fact that a police officer at the scene tripped over a tree root and came into contact with Police Officer Tony Gonzalez, who thereafter discharged his weapon multiple times, they failed to be in proper positions at the scene, in firing and discharging a weapon at JOSE A. COLON before determining if there was any cause, basis or justification.

35. That the defendants used excessive and unnecessary force under the circumstances then and there existing, were grossly negligent, negligent, careless, wantonly reckless, and reckless in the manner in which they acted, behaved and treated JOSE A. COLON, in complete disregard for the preservation of his life and in so doing, shot and killed him.

36. Upon information and belief, Police Commissioner John Gallagher and his support staff inadequately screened and/or received complaints about the conduct of Tony Gonzalez and

John Does, knew about past complaints, aberrant behavior, propensity for violence and the use of weapons, and disciplinary infractions, or in the exercise of due diligence, would have perceived that these officers had disciplinary problems and posed a pervasive and unreasonable risk of harm to the general public as well as JOSE A. COLON.

37. That the defendants The County of Suffolk and Police Commissioner John Gallagher knew or in the exercise of due diligence would have known that the conduct of Police Officers Tony Gonzalez and John Does was likely to result to result in injury or death to members of the general public of which JOSE A. COLON was such a member.

38. That the defendants The County of Suffolk and Police Commissioner John Gallagher were deliberately indifferent in failing to adequately hire, screen, train, supervise and discipline said police officers and in failing to implement adequate and sufficient measures so as to have avoided the unlawful and improper shooting of JOSE A. COLON.

39. That the failure of The County of Suffolk and Police Commissioner John Gallagher to supervise and discipline their officers amounted to gross negligence, deliberate indifference and intentional misconduct which directly caused the deprivations suffered by JOSE A. COLON.

40. These defendants have been deliberately indifferent to the need for more or different training, rules and regulations relating to police officers assigned to raids where innocent members of the general public may be present, in the planning, strategies, coordination and implementation of said raids, in the use of weapons and more particularly automatic weapons, in circumstances and scenarios similar to that which forms the basis of this action.

41. The foregoing acts, omissions and systematic deficiencies constitute deliberate indifference by The County of Suffolk and have caused police officers, including the defendants in this case, to believe that they can violate the rights of citizens with impunity.

42. That the unlawful, reckless and grossly negligent conduct of the defendants was the direct and proximate cause of the injuries to and death of JOSE A. COLON.

43. That the acts of the individual defendants were reckless, willful, wanton, negligent, careless and malicious and shocking to the conscience in light of the fact that said shooting was unjustified, unwarranted and unprovoked thus entitling the plaintiff to punitive damages.

44. As a result of the foregoing, the plaintiff KATHLEEN SEATON has suffered emotional injuries and has been deprived of the love, affection and support of her son and has suffered a grave loss to their family relationship.

45. As a result of the foregoing, Jose A. Feliciano Colon, the infant son of the decedent JOSE A. COLON has and will be deprived of the love, nurturing, guidance, affection and support of his father.

### AS AND FOR A FIRST CAUSE OF ACTION

42 U.S.C. Section 1983 Individual Defendants

46. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 45 as if incorporated and reiterated herein.

47. By reason of the foregoing, defendants violated 42 U.S.C. Section 1983 by depriving JOSE A. COLON of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

48. As a direct and proximate result of said violations, plaintiff suffered the damages described herein in an amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION

42 U.S.C. Section 1983 Conspiracy

49. Paragraphs 1 through 48 are incorporated by reference as though fully set forth.

50. The defendants, their agents, servants and/or employees, under color of law, conspired with each other, reached a mutual understanding, and acted to undertake a course of conduct to injure, oppress, threaten and intimidate JOSE A. COLON in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, including the rights to be free from the intentional use of unreasonable force; to be free from cruel and unusual punishment; to have access to and seek redress in the courts; to be free from unnecessary and wanton infliction of pain; and to be deprived of life without due process of law.

38. It was part of the conspiracy that upon information and belief, members of the Suffolk County Police Department and more particularly Police Officer Tony Gonzalez, under color of law, conspired with each other, reached a mutual understanding and acted to undertake a course of conduct to injure, oppress, threaten and intimidate JOSE A. COLON in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, including the rights to be free from the intentional use of unreasonable force, to be free from unnecessary and wanton infliction of pain, and to not be deprived of life without due process of law.

39. In furtherance of the conspiracy and cover up of the unlawful assault and killing, the defendants their agents, servants, and/or employees upon information and belief, agreed and acted to intentionally fabricated incident reports, statements and testimony of support, omitted civilian eyewitnesses from said reports, made false and misleading statements to the public regarding the events and JOSE A. COLON and recklessly violated his rights to privacy, in an effort to influence public opinion, demonize the decedent victim and justify the shooting.

40. That as a direct result of the conspiracy among the defendants the plaintiff's decedent suffered damages in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

### 42 U.S.C. 1983- UNREASONABLE AND EXCESSIVE FORCE

40. Paragraphs 1 through 39 are incorporated herein by reference as though fully set forth.

41. By their conduct, the defendants including Tony Gonzalez, under color of law, deprived JOSE A. COLON of his constitutional right to be free from excessive , unreasonable unwarranted and unjustified force.

42. As a direct and proximate result of said violations, plaintiffs suffered damages in an amount to be proven at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION

### 42 U.S.C. 1983- CRUEL AND UNUSUAL PUNISHMENT

43. Paragraphs 1 through 42 are incorporated herein by reference as though fully set forth.

44. By their conduct and under color of law, the defendants their agents, servants, and/or employees deprived JOSE A. COLON of his constitutional right to be free from cruel and unusual punishment without due process under the law.

45. As a direct and proximate result of said violations, plaintiffs suffered the damages described above in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

### 42 U.S.C. 1983- UNNECESSARY AND WANTON INFLICTION OF PAIN

46. Paragraphs 1 through 45 are incorporated herein by reference as though fully set forth.

47. By their conduct and under color of law, it is believed upon information and belief, that the defendants, their agents, servants, and/or employees and members of The Suffolk County

Police Department including but not limited to Police Officer Tony Gonzalez through their deliberate indifference as set forth above inflicted unnecessary and wanton pain upon JOSE A. COLON

48. As a direct and proximate result, the plaintiffs suffered the injuries and damages described above.

### AS AND FOR A SIXTH CAUSE OF ACTION

### 42 U.S.C. 1983-FIRST, FOURTH, FIFTH, NINTH, FOURTEENTH AMENDMENTS AND PRIVACY VIOLATIONS

49. Paragraphs 1 through 48 are incorporated by reference herein as though fully set forth.

50. By their conduct and under color of law, the defendants their agents, servants and/or employees as well as police officers of The County of Suffolk including but not limited to Tony Gonzalez deprived JOSE A. COLON and plaintiffs of their first amendment right to have access to and seek redress in the courts.

56. The defendants engaged in acts to conceal the wrongful and unlawful conduct taken against JOSE A. COLON.

57. The defendants' efforts to conceal the truth continue to the detriment of the plaintiffs.

58. The defendants' conduct interfered with the federally protected liberty and privacy interest of the plaintiffs to maintain a stable family relationship free of intervention from the State.

59. As a direct and proximate result the plaintiffs suffered the injuries and damages described above.

### AS AND FOR A SEVENTH CAUSE OF ACTION

### 42 U.S.C. 1983 SUPERVISORY LIABILITY

60. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1

through 59 as if incorporated and reiterated herein

61. The defendants had supervisory personnel who were responsible for hiring, screening, training, instruction, supervision and discipline of the police officers whose actions and/or omissions were responsible for the shooting and death of JOSE A. COLON and in failing to have implemented policies and procedures which would have prevented JOSE A. COLON from being shot and killed.

62. . The failure of supervisory personnel to supervise and discipline its police officers amounted to gross negligence, deliberate indifference or intentional conduct which directly caused the deprivations suffered by the plaintiffs.

63. As a direct and proximate result of said violations, plaintiffs have suffered the damages described above in an amount to be determined at trial.

## AS AND FOR A EIGHTH CAUSE OF ACTION

### 42 U.S.C. 1983- MONELL CLAIM

64. Paragraphs 1 through 63 are incorporated by reference herein as though fully set forth.

65. Prior to April 19, 2002 the defendant County of Suffolk and the Suffolk County Police Department developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused and resulted in violations of JOSE A. COLON'S rights.

66. Prior to April 19, 2002 the defendants, County of Suffolk and the Suffolk County Police Department maintained policies and procedures that encouraged and engaged in the custom and practice of using excessive force, deadly force and failed to appropriately investigate and discipline personnel who engaged in such conduct.

67. The defendants, their agents, servants and/or employees have been deliberately

indifferent to the need for more or different training, rules and regulations to prevent the use of excessive and deadly force.

69. That it was the policy and/or custom of the defendants to inadequately and improperly investigate complaints of physical abuse, excessive force, unreasonable force and deadly force as well as inadequately screening in the hiring of police officers for their propensity for violence and use of gun play.

70. That the defendants have been deliberately indifferent to the need for more or different training, rules and regulations relating to police officers who witness or have information regarding misconduct by fellow police officers; that they have failed to properly sanction or discipline police officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of members of the public by other police officers, thereby causing and encouraging police officers to violate the rights of citizens including JOSE A. COLON.

71. That upon information and belief the defendants have maintained no system or an inadequate system of review of officers who withhold knowledge or give false information regarding misconduct by fellow police officers, which failure in tracking such officers, or to discipline said officers, more closely supervise or retrain such officers who engage in a code of silence, causes the County of Suffolk and it's Police Department to believe that they can engage in misconduct, secure in the knowledge that their fellow police officers will neither intervene or act so as to prevent the violation of rights that are inherent to prisoners.

72. That prior to April 19, 2002, the County of Suffolk and it's Police Department were aware of the need for more or different training rules, regulations, investigations and discipline relating to police officers who engaged in the code of silence, abused, shot and/or killed members

of the general public.

73. That the foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger of harm to citizens like JOSE A. COLON and the need for more or different training or discipline are policies, practices and customs of Suffolk County and have caused police officers, including police officer Tony Gonzalez to believe that they can violate the rights of citizens with impunity and that such conduct would be concealed, all with the foreseeable result that police officers are more likely to violate the constitutional rights of citizens.

74. That as a direct and proximate result of the County of Suffolk's deliberate indifference, foregoing acts, omissions, and systematic deficiencies, JOSE A. COLON'S constitutional rights were violated, and as a result of which he suffered substantial damages and ultimately died.

## AS AND FOR AN NINTH CAUSE OF ACTION

### PENDENT CLAIM FOR GROSS NEGLIGENCE AND NEGLIGENCE

75. Paragraphs 1 through 74 are incorporated by reference as though fully set forth.

76. By reason of the foregoing, the defendants are liable to the plaintiffs for negligent and grossly negligent screening, hiring, training, discipline and retention of police officers who were involved in and/or participated in the shooting and death of JOSE A. COLON; in failing to adhere to their duty to make sure that it's police officers including Tony Gonzalez and it's representatives do not violate their duties and that they follow rules and regulations; in failing to have properly and adequately administered, planned, and coordinated the events and ultimate raid at the aforementioned premises; in failing to properly position the police officers at said scene so as to avoid officers coming into contact with one another; in failing to have said weapons on safety so as to avoid any unintentional discharge or firing of said weapons; in failing to first assess the circumstances or need before discharging a weapon.

77. That as a direct and proximate result thereof, the plaintiffs have suffered damages in an amount to be determined at trial.

## AS AND FOR A TENTH CAUSE OF ACTION

### PENDENT CLAIM OF ASSAULT AND BATTERY

78. Paragraphs 1 through 77 are incorporated by reference as though fully set forth.

79. By their actions, as set forth above, the defendants, their agents, servants, and/or employees, upon information and belief, committed acts of assault and battery against JOSE A. COLON.

80. That the use of said physical force under the circumstances then and there existing was unreasonable, unwarranted, unjustified, excessive, and without any basis under the facts or color of law.

84. That the County of Suffolk is responsible for the excessive and unnecessary physical and deadly force used by the defendants, their agents, servants, and/or employees because it occurred while they were acting in the scope of their employment.

85. That as a result of the excessive, unwarranted and unnecessary physical and deadly force used against JOSE A. COLON, Mr. COLON suffered severe physical and mental injuries as well as grievous bodily harm which resulted in his death.

86. That as a consequence, plaintiffs suffered damages in an amount to be determined at the time of trial.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

### PENDENT CLAIM OF WRONGFUL DEATH .

87. Paragraphs 1 through 86 are incorporated by reference as though fully set forth.

88.. That at the time of his demise, JOSE A. COLON was survived by his mother, Kathleen Seaton, who resided with the decedent prior to his death.

89. That prior to the death of JOSE A. COLON, Kathleen Seaton, his mother, was dependent upon him for support, maintenance, guidance, love, direction, and welfare.

90. That by reason of the decedent's death, the plaintiff has been caused to expend a sum of money for funeral and burial expenses.

91. That by reason of the decedent's death, the plaintiff sustained pecuniary and non economic damages attributable directly to the death of JOSE A. COLON.

92. That following the demise of JOSE A. COLON it was determined by an Order of Filiation dated November 3, 2003 from the Suffolk County Family Court that the child born out of wedlock to Tiana Feliciano on November 24, 2002 and named Jose A. Feliciano Colon was the son of the decedent JOSE A. COLON.

93. That as a result of the death of JOSE A. COLON, said infant son will be deprived of the love, guidance, nurturing and financial support of his father.

94. The defendants are liable to the plaintiffs for the loss of a family relationship and for the intentional, reckless, and negligent infliction of extreme emotional distress caused by the of wrongful death of JOSE A. COLON.

## AS AND FOR AN TWELFTH CAUSE OF ACTION

### PENDENT CLAIM OF PRIMA FACIE TORT

95. Paragraphs 1 through 94 are incorporated by reference as though fully set forth.

96. By their actions as set forth above, the defendants, their agents, servants and/or employees as well as supervisory personnel inflicted harm upon the deceased, the plaintiff Kathleen Seaton and the heirs and distributees of the Estate of JOSE A. COLON without excuse

or justification, out of disinterested malevolence.

98. That as a direct result and proximate cause, the plaintiffs sustained damages in an amount to be determined at the time of trial.

## AS AND FOR A THIRTIETH CAUSE OF ACTION

## PENDENT CLAIM- RESPONDEAT SUPERIOR

99. Paragraphs 1 through 98 are incorporated by reference as though fully set forth.

100. That at all times herein mentioned all employees of the County of Suffolk, including but not limited to it's police officers and supervisory personnel, and Tony Gonzalez, were acting for, upon and in furtherance of the business of their employer the County of Suffolk, and within the scope of their employment.

101. That as a result thereof, The County of Suffolk is liable under the doctrine of respondeat superior for their tortuous actions.

102. That as a direct and proximate result, the plaintiffs sustained damages in an amount to be determined at the time of trial.

## DAMAGES

103. That as a direct and proximate result of the acts of the defendants, the plaintiffs sustained the following injuries and damages:

a. Award of compensatory damages in an amount to be determined at trial

b. Award of punitive damages, except as to the Defendant County of Suffolk

c. A violation of JOSE A. COLON'S rights under the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments to the Constitution;

d. Physical injuries which resulted in pain and suffering, fear, emotional trauma and

the wrongful death of JOSE A. COLON;

   e. Economic damages including loss of income, funeral and burial expenses and

support for Kathleen Seaton and the decedent's son.

   f. As a direct and proximate result of said acts of the defendants, the plaintiff

Kathleen Seaton has suffered psychological and economical injuries that will continue in the

future;

   .g. As a direct and proximate result of defendants' acts, the plaintiffs have suffered

a violation of their liberty and privacy interest in preserving the integrity and stability of their

family relationship from intervention by the state without due process of law under the First,

Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution.

   h. The plaintiffs seek damages in an amount that are consistent with the proof

adduced at trial with regard to each and every Count along with interest, costs, disbursements and

attorney fees

Dated: February 20, 2004      Respectfully submitted
   Jamaica Estates, New York

          De Brosse, Villarreal & Studley LLP

          By

          MITCHELL J. STUDLEY(1468)
          Attorneys for Plaintiffs
          182-38 Hillside Avenue
          Jamaica Estates, New York 11432
          (718) 658-3000

## ATTORNEY'S VERIFICATION BY AFFIRMATION

**MITCHELL J. STUDLEY**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DE BROSSE VILLARREAL & STUDLEY, LLP attorneys of record for Plaintiff(s), KATHLEEN SEATON et ano.  I have read the annexed

### COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except  those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiff(s) is because Plaintiff(s) is/are not presently in the county wherein the attorneys for the Plaintiff(s) maintain their offices.

Dated:      JAMAICA ESTATES, NEW YORK
            February 23, 2004

_____
**MITCHELL J. STUDLEY**